# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0253, <u>Mary E. Feeney v. Karyn M. Kelley</u>, the court on January 31, 2019, issued the following order:**

To the extent that the plaintiff requests in her memorandum of law that we sanction the defendant, the request is denied without prejudice to properly requesting relief in a motion pursuant to Supreme Court Rule 23.

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Karyn M. Kelly, appeals an order of the Superior Court (<u>Abramson</u>, J.) denying her motion to vacate a 2015 order authorizing the plaintiff, Mary E. Feeney, to attach the defendant's interest in New Hampshire real estate to secure satisfaction of a domesticated Florida judgment. The defendant raises numerous issues arising out of the 2015 orders domesticating the Florida judgment and granting the attachment. We note that those 2015 orders were final decisions on the merits, <u>see</u> <u>Sup. Ct. R.</u> 3, and that no timely appeal was taken. To the extent that the defendant is trying to attack those decisions, this appeal is untimely. <u>See</u> <u>In re Estate of Heald</u>, 147 N.H. 280, 281-82 (2001).

After reviewing the brief, the memorandum of law, and the record on appeal, we conclude that the defendant's arguments are, under the circumstances of this case, without merit, and do not warrant further discussion. <u>See</u> <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993). To the extent that the defendant argues that the trial court was biased, we have reviewed the record in this case and cannot say either that a reasonable person would have questioned Judge Abramson's impartiality or that any factors that <u>per se</u> would have disqualified Judge Abramson were present. <u>See</u> <u>State v. Bader</u>, 148 N.H. 265, 268, 270 (2002). The mere fact that the trial court issued adverse decisions does not establish the trial court's bias. <u>See</u> <u>id</u>. at 270-71.

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**